**Ralph RUBIN and Frances Rubin and Patricia L. Popil and Kenneth E. Peller and Louis Peller, suing as Trustee f/b/o Lorna-Kay Peal and Kenneth E. Peller On behalf of all of the above-named plaintiffs and all other shareholders of The Cincinnati Gas and Electric Company similarly situated, Plaintiffs,**

v.

**William H. DICKHONER, Earl A. Borgmann, B. John Yeager, Sanford M. Brooks, Donald I. Lowry, William S. Rowe, George C. Juilfs, Neil A. Armstrong, Elmer R. Best and Cincinnati Gas and Electric Company and Henry J. Kaiser Company, Raymond Kaiser Engineers, Inc. and Raymond International Inc., Defendants.**

No. C–1–83–1721.

United States District Court, S.D. Ohio, W.D.

Sept. 11, 1985.

Stanley M. Chesley, Waite, Schneider, Bayless & Chesley Co., L.P.A., Gene Mesh Co., L.P.A., Cincinnati, Ohio, for plaintiffs.

William R. Hardy, Robert G. Stachler, Robert A. Pitcairn, Jr., Douglas G. Cole, Cincinnati, Ohio, Robert B. Fiske, Jr., New York City, for Brooks, Lowry, Rowe, Juilfs, Armstrong and Best, defendants.

John W. Beatty, Cincinnati, Ohio, for Henry Kaiser Co. and Raymond Kaiser Engineers, Inc.

## ORDER WITH RESPECT TO NOTICE, SETTLEMENT HEARING AND ADMINISTRATION

SPIEGEL, District Judge.

Upon review and consideration of the Stipulation of Settlement and the exhibits annexed thereto dated September 6, 1985, (the "Stipulation"), executed on behalf of Plaintiffs and Defendants, The Cincinnati Gas & Electric Company ("CG & E"), William H. Dickhoner, Earl A. Borgmann, B. John Yeager, Sanford M. Brooks, Donald I. Lowry, William S. Rowe, George C. Juilfs, Neil A. Armstrong, and Elmer R. Best (collectively the "individual defendants"), Henry J. Kaiser Company, Raymond Kaiser Engineers Inc., and Raymond International Inc. (also acting on behalf of Kaiser Engineers Inc. and Foothill Electric Company) (collectively "Kaiser") in the above-captioned litigation (the "Litigation"); upon consideration of all prior proceedings in the Litigation, including the order for class certification dated April 15, 1985, as amended, in which Plaintiffs were approved as representatives of a class of all purchasers of shares of CG & E common stock during the period November 24, 1981 through October 6, 1983, who continued to hold their shares until the end of said period (excluding CG & E, CG & E's subsidiaries, the individual defendants, members of their immediate families, corporations, trusts or entities controlled by the individual defendants and the heirs, successors or assigns of any of the defendants) (the "Class"); upon consideration of the agreement of Plaintiffs as representatives of the Class and of defendants to the terms and conditions of the Stipulation (the proposed "Settlement") which would have the effect of settling and dismissing the Litigation upon the terms set forth in the Stipulation; and as a hearing on the proposed Settlement is necessary;

NOW, upon the application of Plaintiffs and Defendants, it is hereby ORDERED as follows:

1. The terms of the Stipulation, and the Settlement provided for therein, are preliminarily approved, subject to further consid-

eration thereof at the Settlement Hearing described at paragraph 9 of this Order.

2. In accordance with the terms of the Stipulation, as soon as practicable after the entry of this Order, Plaintiffs shall, as provided for in the Stipulation, mail by first class mail the Notice of Pendency of Class Action, Proposed Complete Settlement of Class Action for 13,990,000 Dollars Plus Interest and Settlement Hearing (the "Notice") and the Proof of Claim and Release form (the "Proof of Claim") substantially in the forms annexed to the Stipulation as Exhibits "E" and "D", respectively, to all members of the Class ("Class Members") at their last known addresses appearing on the records of the transfer agent of CG & E. In addition, Plaintiffs shall cause the publication of a Publication Notice substantially in the form annexed to the Stipulation as Exhibit "F" twice, in two successive weeks, in the National Edition of *The Wall Street Journal* and in the *Cincinnati Enquirer* at least 30 days prior to the Settlement Hearing. Plaintiffs shall further mail the letter to All Brokerage Firms, Banks, Institutions and Other Nominees (the "Letter") substantially in the form annexed to the Stipulation as Exhibit "G". All such nominees who held common shares of CG & E of record for Class Members, who have not previously supplied Plaintiffs' Counsel with the names and addresses of such Class Members, are directed either (a) to supply Plaintiffs' Counsel with a list of the names and addresses of such beneficial holders; or (b) to forward the Notice and Proof of Claim to the beneficial owners of those shares and to submit a sworn statement to Plaintiffs' Counsel at a Post Office Box address to be designated by Plaintiffs' Counsel as provided in paragraph 6, below, that they have done so, which statement shall contain a list of the names and addresses of such beneficial holders. Such nominees may seek reimbursement of their reasonable expenses in complying with this Order. Additional copies of the Notice and Proof of Claim for transmittal to beneficial owners shall be made available upon request to Plaintiffs' Counsel at a Post Office Box address to be designated by Plaintiffs' Counsel as provided in paragraph 6, below.

3. Prior to the hearing, Plaintiffs' Counsel shall serve and file a sworn statement evidencing compliance with the provisions of paragraph 2 of this Order concerning the mailing and publication of said notices and the mailing of said letters and shall also advise the Court of the number of notices returned, if any.

4. The Notice to Class Members in compliance with the provisions set forth in paragraph 2 above is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice of the Order Certifying the Class, the Settlement, and the Settlement Hearing to all persons entitled to receive such notice as members of the Class, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. Any Class Member wishing exclusion from the Class shall mail a request for exclusion ("Request for Exclusion") to the post office box to be maintained by counsel for Plaintiffs, as provided below, postmarked not later than December 6, 1985. Such request shall set forth: (i) the name and address of the Class Member; (ii) the type, number or amount and dates of trades of CG & E stock during the Class Period; and (iii) the name and address of the person in whose name the stock was registered. Requests for Exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any Final Judgment entered in this Litigation pursuant to the terms thereof.

6. For purposes of effectuating the Settlement and the notice provided for in paragraph 2 hereof, Plaintiffs' Counsel shall lease and maintain a Post Office Box of adequate size for the return of Proofs of Claims and receipt of Requests for Exclusion. All Notices to the Class shall desig-

nate said Post Office Box as the return address for the respective designated purposes. Plaintiffs' Counsel or their agents shall be responsible for the receipt of all responses to Notices to the Class and shall preserve all entries of appearance, Proofs of Claim, Requests for Exclusion, and any and all other written communications from Class Members, the Nominees or any other person in response to said notice until further order of the Court. All written communications received from Class Members or Nominees and all written responses to inquiries by Class Members or Nominees shall be available at all reasonable times for inspection and copying by Defendants' Counsel in this action. Plaintiffs' Counsel shall file with the Court a list of the names and addresses of the Class Members submitting Requests for Exclusion and shall furnish Defendants' counsel with copies of all Requests for Exclusion promptly after their receipt, but in no event later than five (5) business days following the last day on which Requests for Exclusion must be submitted.

7. In order to be deemed an Authorized Claimant entitled to participate in the Net Settlement Fund, as defined in paragraphs 8(k) and (n) of the Stipulation of Settlement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, Class Members shall take the following actions and be subject to the following conditions:

(a) A properly executed and verified Proof of Claim must be filed with the Court, at the Post Office Box indicated in the Notice, not later than January 15, 1986. Each Proof of Claim shall be deemed to have been filed when postmarked (if properly addressed and mailed by no less than first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been filed when it is actually received at the address designated in the Notice.

(b) The Proof of Claim filed by each Class Member must satisfy the following conditions: (i) the Proof of Claim must be properly filled out, signed and filed in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) the Proof of Claim must be accompanied by adequate supporting documentation for the securities transactions reported therein, in the form of broker confirmation slips, broker account statements, or a notarized statement from the broker containing the transactional information found in a broker confirmation slip; (iii) if the person executing the Proof of Claim is acting in a representative capacity, proof of his current authority to act on behalf of the claimant must be furnished with the Proof of Claim; and (iv) the Proof of claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein.

(c) As part of the Claimant's Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Settlement.

8. Briefs in support of the Settlement and Briefs in support of Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses will be on file with the Clerk of the Court for the Southern District of Ohio, Room 326 U.S. Post Office—Court House, Cincinnati, Ohio on or before November 26, 1985.

9. A hearing (the "Settlement Hearing") shall be held before the undersigned at 10:00 A.M., on December 23, 1985, in the United States Courthouse, Southern District of Ohio, 842 U.S. Post Office—Court House, Cincinnati, Ohio 45202 to consider the fairness, reasonableness and adequacy of the proposed Settlement, the dismissal of the Litigation and Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses.

10. Any Class Member may appear at the Settlement Hearing in person or by

counsel, if an appearance is filed and served as hereinafter provided, and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement and the requested award of attorneys' fees and reimbursement of expenses; provided, however, that no person shall be heard in opposition to the proposed Settlement and, if approved, the judgment entered thereon, or to the requested award of attorneys' fees and reimbursement of expenses, and no papers or briefs submitted by any such person shall be accepted or considered by the Court unless, on or before December 6, 1985, such person: (a) has filed with the Clerk of the Court a notice of such person's intention to appear together with a statement that indicates the basis for such opposition along with any supporting documentation, and (b) has served copies of such notice, statement, and documentation together with copies of any other papers or briefs which such person files with the Court, either in person or by mail, (i) upon any one of the following · Counsel for Plaintiffs: Stanley R. Wolfe, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103; Stanley M. Chesley, Esquire, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio 45202; Gene I. Mesh, Esquire, Gene Mesh Co. L.P.A., 3133 Burnet Avenue, Cincinnati, Ohio 45229; or Ralph L. Ellis, Esquire, Abbey & Ellis, 212 East 39th Street, New York, New York 10016; and (ii) upon one of the following counsel for defendant CG & E: Robert G. Stachler, Esquire, Taft, Stettinius & Hollister, First National Bank Center, Fountain Square, Cincinnati, Ohio 45202 or Robert B. Fiske, Jr., Esquire, Davis Polk & Wardwell, 1 Chase Manhattan Plaza, New York, New York 10005; and (iii) upon counsel for defendant Kaiser: John W. Beatty, Esquire, Dinsmore & Shohl, 2100 Fountain Square Plaza, 511 Walnut Street, Cincinnati, Ohio 45202.

11. The Court expressly reserves its right to adjourn the Settlement Hearing from time to time without further notice and to approve the Settlement and the Stipulation at or after the Settlement Hearing.

12. All proceedings in the Litigation other than such as may be necessary to carry out the terms and conditions of the Stipulation or the responsibilities related or incidental thereto are stayed and suspended until further order of this Court.

13. Upon consummation and approval of the Settlement provided for in the Stipulation, the Stipulation, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth and shall have the full force and effect of an order of this Court.

14. If the Settlement shall not be approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the action.